The opinion of the Court was read as drawn up by
Parker C. J.
It strikes us, that as the declaration is uPon a promissory note in common form, and the evidence offered to support it, is a note with a condition, this is a fatal variance.* [1] The defendant, by such a declaration, has no notice of the contract which he is charged with having violated, and has no means of pleading a performance of the condition, or of otherwise showing that the plaintiff is not entitled to recover, until the paper is produced on trial. The case of a bond, which undoubtedly may be declared on without setting forth the condition, is different, for the defendant is entitled to oyer, both of the bond and the condition; but there is no such right in relation to simple contracts, and this shows the necessity of setting out the whole.[1] And we doubt much, whether, as the true nature of this note, with the condition, is a promise to indemnify, the plaintiff ought not, after setting forth the whole, to have averred that he had been damnified. But be this as it may, the defendant was entitled to know the whole of the contract on which he was sued, in order that he might know how to defend himself.
But as to the merits of the contract and the evidence ii. *89 the case, the note sued was to be void if the plaintiff were saved harmless from a note of like sum, which with Norman S. he had given to Ripley. The note to Ripley was paid by Norman ; and this would discharge this contract, unless it were paid by money of the plaintiff through Norman. It appears that the money was borrowed of Brooks on a note of the plaintiff and Norman ; but this is an entire new contract, not within the scope of the promise of Rodney, for he did not undertake to indemnify the plaintiff against any thing but the note to Ripley. Rodney was discharged by this transaction, for he, being merely a surety, cannot be held beyond his engagement. There is no evidence that he agreed to any thing beyond his written contract. Without doubt, the question was properly left to the jury, whether the money paid to Ripley’s executor was the money of the plaintiff or of Norman, and the evidence warrants the verdict, for it ought to be presumed, under the circumstances, that in the note to Brooks, the principal was Norman, and the plaintiff only a surety.
The rejected evidence would not have altered the state ot the case, for proving that the money was borrowed on th<? credit of the plaintiff, and that the plaintiff repaid it, ana that Norman was insolvent, would not tend to show that the plaintiff was any thing more than a surety, or that the money was not borrowed by Norman. The question really is, whether Rodney is bound by this new contract. He might have very well been willing to indemnify the plaintiff against the note to Ripley, and unwilling to be responsible upon a note subsequently given, when the circumstances .of Norman might have changed, or his means of obtaining security diminished.
We think the verdict is right, and judgment must be entered thereon.

 Where a contract is conditional it will be a fatal misdescription, to state it as an absolute one. 1 Chitty on PI. (6th Amer. ed.) 338.

 See 1 Chitty on PI. (6th Amer. ed.) 465. But the courts or judges, bj analogy to the doctrine of oyer, will in most cases order, that the party have an inspection and copy of the instrument. See Tidd, (9th ed.) 589; Howe's Pract. 423; 2 Stark. Ev. (5th Amer. ed.) 411 et seq.